IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JILLIAN E. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1989-GMS |
| | ) |
| NEW CASTLE COUNTY DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

### I. **INTRODUCTION**

The plaintiff Jillian E. Walker ("Walker") filed this action alleging violations under 42

U.S.C. § 3601, *et seq.*, 24 C.F.R. § 100.500, and the First, Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution with regard to housing discrimination. (D.I. 2.).

An amended complaint was filed on October 10, 2014. (D.I. 24.) Walker appears *pro se* and has

paid the filing fee. On September 16, 2014, Walker filed a motion for a temporary restraining

order/preliminary injunction. (D.I. 21) The defendant New Castle County ("NCC") opposes the

motion. (D.I. 23.)

### II. **LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy that should be granted only if:

(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the

plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and

(4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*,

176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary

restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir.

1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

## III. DISCUSSION

Walker owns property located at 2127 Naamans Road, Wilmington, Delaware. It appears that the property is leased to The Disabled Disadvantaged Foundation, known as the 3D Foundation. (D.I. 21, ex. G.) Walker alleges that, beginning in 2008, the defendant New Castle County ("NCC") increased the rate of inspections and code violations at the property. Walker asserts that the property was targeted because it housed a "peculiar family formation of unrelated, low-income, disabled, black and white men and women living together in a home in an area of generally middle and upper middle income homes. (*Id.* at ¶ 2.) The property has been cited for numerous violations and over $1,900 in fines have been assessed. (*Id.* at ex. E.) The record reflects that most recently the property received the following code violations:

1. September 10, 2014. Section PM 302.4.2, prohibited growth of weeds and grass; § PM 302.7, accessory structures; § PM 302.10, outside storage of household items; and § PM 302.11, outside storage or accumulation of debris.

2. August 22, 2014. Section PM 302.4.2, prohibited growth of weeds and grass; § PM 302.7, accessory structures; § PM 302.10, outside storage of household items; and § PM 302.11, outside storage or accumulation of debris.

3. June 23, 2014. Section PM 302.4.2, prohibited growth of weeds and grass and § PM 302.10, outside storage of household items.

4. June 6, 2014. Section PM 302.4.2, prohibited growth of weeds and grass and § PM 302.10, outside storage of household items.

2

5. February 7, 2013. Section PM 302.7, accessory structures; § PM 302.10, outside storage of household items; and § PM 302.11, outside storage or accumulation of debris.

6. January 11, 2013. Section PM 302.7, accessory structures; § PM 302.10, outside storage of household items; and § PM 302.11, outside storage or accumulation of debris.

(*Id.*)

Walker contends that the code enforcement practices are causing her tenants to stop paying and to vacate the premises. The home is currently half-empty, thus reducing by half the revenue needed by Walker to cover her costs to run the home. Walker contends that the financial losses have resulted in Chapter 13 bankruptcy. According to Walker, she has been harmed by the following county code enforcement practices: selectively enforcing exterior violations; writing non-safety aesthetic interior violations; overcrowding violations based on non-square foot metrics; ignoring Delaware Title 25 Landlord/Tenant notice requirements; conducting new inspections with old complaints; applying low or false standards for condemnation; conducting early morning raids; verbally harassing residents; and using an anonymous complaint system for property code violations that result in a disparate impact on protected minorities. (*Id.* at ¶ 7.)

Walker seeks a refund of the "ongoing monthly fines" she pays to the Justice of the Peace Court that arise from NCC property code violations until further notice. In addition, she seeks to enjoin NCC from: (1) conducting more than one exterior inspection of the property every ninety days except for life-threatening emergencies until further notice; (2) mailing any notice concerning the property to any other address except 2127 Naamans Road; (3) naming any other person as the responsible party for interior code violations unless the person caused the violation; (4) conducting any search at the property with an old complaint; (5) conducting any search of the property without a new complaint and the complainant's true name and address; (6) conducting

3

any search of the property without a signed search warrant; (7) applying for any search warrant at the property without the witness's true name and address; (8) applying for any search warrant at the property without notifying the court of this lawsuit; (9) charging Walker with interior code violations without giving notice to her that a complaint exists and a defective condition allegedly exists; (10) charging Walker with interior code violations without proof that she has been notified in writing via certified mail by the complaining tenant that a defect exists at the property as required by the Landlord/Tenant Code; (11) issuing false code violations for overcrowding at the property using a non-square foot metric; (12) interfering with, coercing, or intimidating the residents at the property, including any verbal contact; and (13) interfering with Walker's business relationships with her tenants.

NCC opposes the motion on the grounds that Walker has not met the standards for injunctive relief, arguing that Walker failed to identify with specificity any instance in which NCC discriminated against her or her tenants. It further argues that Walker failed to establish success on the merits of the claim, noting that when a similar claim was raised before the Office of Fair Housing and Equal Opportunity the issues were addressed and decided in favor of NCC. (D.I. 21, ex. C.) NCC also points to photographs provided by Walker that reflect that it was proper to issue citations. (*Id.* at ex. D.) With regard to the risk of irreparable harm, NCC refers to Walker's delay in filing the instant lawsuit and the motion for injunctive relief. NCC further argues that granting injunctive would result in its substantial harm, noting that code enforcement is a means to promote public safety. Finally, NCC argues that public interest in code enforcement protects the property and Walker's tenants and, therefore, disfavors the relief requested by Walker.

4

Upon review of the record and the positions of the parties, the court finds that Walker has not met the elements for injunctive relief. Most notably, she has not demonstrated the likelihood of success on the merits and that granting the injunction is in the public's interest.

## IV. CONCLUSION

For the above reasons, the court will deny the motion for injunctive relief. (D.I. 21.) A separate order shall issue.

UNITED STATES DISTRICT JUDGE

_____, 2014
Wilmington, Delaware