IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JILLIAN WALKER, ET. AL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 13-1989 CMS |
| ) | |
| NEW CASTLE COUNTY, DELAWARE, ) | |
| ) | |
| Defendants. ) | |

**JOINT STATUS REPORT**

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's July 18, 2016 Order, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f) on August 11, 2016. Brian Jordan, participated on behalf of Plaintiffs, and Jordan Perry participated on behalf of defendant New Castle County.

1. **Jurisdiction and Service.** This Court has subject matter jurisdiction over this dispute and personal jurisdiction over all defendants. All defendants have been served.

2. **Substance of the Action.** Plaintiffs owned a property in New Castle County that housed recovering addicts. Plaintiffs claim Defendant discriminated against them on the basis of handicap/disability in violation of the Americans with Disabilities Act and 42 U.S.C. 1983. Plaintiffs claim Defendant violated the law because it refused to provide reasonable accommodations, retaliated against them, and treated Plaintiffs differently on the basis of their addictions. Specifically, Plaintiffs allege that Defendant used the County Code to unfairly assess Plaintiffs violations and fines as a pretext to ultimately shut down the

property. Plaintiffs also claim that as part of this campaign, Defendant enlisted the use of the police to raid the property and intimidate the residents.

Defendant's position is that Plaintiffs' filed suit to circumvent the established New Castle County zoning application and appeals processes and that no material facts support Plaintiffs' claims against New Castle County.

3. **Identification of Issues.** Are recovering addicts protected under the Americans with Disabilities Act? Were Plaintiffs operating a home for recovering addicts? How did Defendant address similar violations on properties that did not house recovering addicts? What training does Defendant provide its code enforcement officers on the Americans with Disabilities Act? How often and to what extent are the police involved in Code violation enforcement? Were Plaintiffs in violation of the New Castle County Property Maintenance Code? Did Plaintiffs exhaust their administrative remedies with New Castle County? Were Plaintiffs licensed with the State of Delaware to operate a group home/boarding house? Did Plaintiffs state a claim that a "reasonable accommodation" was reasonable and necessary for their operation of a boarding house?

4. **Narrowing of Issues.** Plaintiffs' claim that Defendant invaded their privacy when the police entered the property is unlikely to survive a dispositive motion.

5. **Relief.** Plaintiffs seek compensatory damages for the fines assessed on the property, the loss of rent, and the medical expenses. Plaintiffs seek punitive damages. Finally, Plaintiffs seek to enjoin enforcement of code violations on the property and an order requiring Defendant to undergo training on housing shortages and the proper application of the New Castle County Code.

6. **Amendment of Pleadings.** The pleadings have been amended and neither party

anticipates future amendments.

7. **Joinder of Parties.** Neither party anticipates joining additional parties.

8. **Discovery.** The parties anticipate a nine month discovery period. The parties are amenable to mediation.

9. **Estimated trial length.** It is estimated that trial will last two to three (2-3) days. It is not desirable at this time to bifurcate the issues. Both parties expect to stipulate to exhibits that could shorten any trial.

10. **Jury trial.** Yes, this is a jury trial.

11. **Settlement.** The parties attempted to negotiate a settlement through their attorneys but were unable to reach an agreement. The parties believe an objective mediator would be helpful.

12. Counsel is unaware of other matters conducive to the just, speedy and inexpensive determination of this action.

13. The parties have conferred each of the above matters through a phone call on August 11, 2016, and through follow-up e-mails.

| | |
|---|---|
| JORDAN LAW, LLC | NEW CASTLE COUNTY OFFICE OF LAW |
| /s/ *Brian T.N. Jordan* | /s/ *Darryl A. Parson* |
| BRIAN T.N. JORDAN | Darryl A. Parson (DE Bar I.D. No. 4134) |
| DE Bar ID No.: 5501 | County Solicitor |
| 704 N. King St., Suite 600 | Jordan J. Perry (DE Bar I.D. No. 5297) |
| Wilmington, DE 19801 | Assistant County Attorney |
| P: (302) 472-4900 | 87 Reads Way |
| F: (302) 472-4920 | New Castle, DE 19720 |
| brianjordan@jordanlaw-llc.com | (302) 395-5130 |
| *Attorney for Plaintiffs Jillian Walker and Russell Walker* | *Attorneys for Defendant New Castle County* |

Dated: August 16, 2016